***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Gillen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion to Dismiss was held on July 20, 2007.
2. Plaintiff alleges that he was attacked by another inmate while working as a janitor for NCDOC in his Tort Claim Affidavit filed with the North Carolina Industrial Commission. Plaintiff further alleges that the attack was a result of a correctional officer telling inmates that plaintiff had filed a grievance against her.
3. Defendant moved to dismiss plaintiff's tort claim asserting that plaintiff's exclusive remedy is the Workers' Compensation Act. Defendant further moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff alleged intentional acts.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. North Carolina Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996). *Page 2 
2. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the NCDOC. N.C. Gen. Stat. § 97-13(c) specifically provides:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date *Page 3 
of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident.
3. As plaintiff alleged an injury by accident arising out of and in the course of his employment with defendant, plaintiff's cause of action, filed as a tort claim against defendant, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff may file a workers' compensation claim within one year of his release from the NCDOC.
3. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 16th day of April 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1